United States District Court

For the Northern District of California

1

2

3

4

5

6

7        IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9        SAN JOSE DIVISION

10  FEDERAL DEPOSIT INSURANCE                    CASE NO. 5:11-cv-03313 EJD
    CORPORATION, AS RECEIVER FOR
11  INDYMAC BANK, F.S.B.,                        **ORDER GRANTING PLAINTIFF'S
                                                 MOTION TO STRIKE**
12
              Plaintiff(s),
13     v.                                        [Docket Item No. 25]

14  LUPING LAI,

15
              Defendant(s).
16  _____/

17        In this action for breach of contract and negligent misrepresentation, Plaintiff Federal

18  Deposit Insurance Corporation ("FDIC"), as receiver for IndyMac Bank, F.S.B. ("IndyMac"), seeks

19  an order striking two affirmative defenses contained in the Answer filed by Defendant Luping Lai

20  ("Lai").  See Docket Item No. 25.  Lai opposes the motion in written opposition.

21        Federal jurisdiction arises pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 1819(b)(2)(A).

22  Having carefully reviewed the pleadings, the court finds this matter suitable for decision without

23  oral argument pursuant to Civil Local Rule 7-1(b).  The hearing scheduled for January 13, 2012, is

24  therefore vacated.  The motion will be granted for the reasons stated below.

25                    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

26        Lai is a licensed real estate appraiser doing business in Santa Clara County under the name

27  Triton Appraisals ("Triton").  See Complaint, Docket Item No. 1, at ¶ 3.

28

1

CASE NO. 5:11-cv-03313 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

United States District Court

For the Northern District of California

1  On or about December 27, 2006, The Mortgage Store Financial, Inc. funded two mortgage loans

2  totaling $910,000.00.  See id., at ¶ 7.  Borrower Antolin Villegas used the loans to purchase certain

3  real property located in San Jose, California.  See id.

4      The realty company who brokered the loans contracted with Triton to prepare a written

5  Uniform Residential Appraisal Report (the "Appraisal") for the property.  See id., at ¶ 8.  The

6  Appraisal was completed on or about December 20, 2006, and valued the property at $910,000.00.

7  See id., at ¶ 10.  In reliance on the Appraisal, IndyMac eventually purchased the first and larger of

8  the two loans on the secondary market.  See id., at ¶¶ 7, 11.

9      The FDIC, as IndyMac's successor-in-interest, contends the Appraisal was negligently

10  prepared by Lai.  See id., at ¶ 14.  Specifically, the FDIC alleges that Lai misrepresented the value of

11  the property, failed to adequately describe the property, used improper and negligently-selected

12  comparable sales, and did not comply with standards applicable to real estate appraisals.  See id.

13  According to the pleadings, the actual sales prices for homes in the same neighborhood ranged from

14  $530,000.00 to $770,000.00.  See id.

15      The FDIC filed the Complaint underlying this action on July 6, 2011.  Lai filed a joint

16  Answer on September 13, 2011, containing forty-three affirmative defenses.  See Docket Item No.

17  15.  The FDIC now seeks an order striking the second affirmative defense for contributory or

18  comparative negligence, and the ninth affirmative defense for comparative indemnification.

## II.   LEGAL STANDARD

20      The Court may strike "from any pleading any insufficient defense or any redundant,

21  immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Because such motions are

22  disfavored, a motion to strike will generally not be granted unless it is clear the matter to be stricken

23  could not have any possible bearing on the subject matter of the litigation.  See RDF Media Ltd. v.

24  Fox Broad. Co., 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005); see also LeDuc v. Ky. Cent. Life Ins.

25  Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992).

26      When a court considers a motion to strike, it "must view the pleading in a light most

27  favorable to the pleading party."  In re 2TheMart.com, Inc. Sec Litig., 114 F. Supp. 2d 955, 965

28  (C.D. Cal. 2000).  A motion to strike should be denied if there is any doubt whether the allegations

2

CASE NO. 5:11-cv-03313 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

**United States District Court**
For the Northern District of California

1  in the pleadings might be relevant in the action.  Id.  Defenses which are redundant, immaterial,

2  impertinent or scandalous are properly stricken.  Id.  In addition, a motion under Rule 12(f) may be

3  sustained when an affirmative defense is insufficient as a matter of law.  Chiron Corp. v. Abbott

4  Labs., 156 F.R.D. 219, 220 (N.D. Cal. 1994).  "To strike an affirmative defense, the moving party

5  must convince the court that there are no questions of fact, that any questions of law are clear and

6  not in dispute, and that under no set of circumstances could the defense succeed."  S.E.C. v. Sands,

7  902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (internal citations omitted).

8  ### III.   DISCUSSION

9  The FDIC argues the defenses of contributory or comparative negligence and comparative

10  indemnification must be stricken as immaterial or legally insufficient.  The court agrees.

11  In California, the tort of negligent misrepresentation is a species of deceit.  Bily v. Young, 3

12  Cal. 4th 370, 407 (1992) ("Negligent misrepresentation is a separate and distinct tort, a species of

13  the tort of deceit.").  In cases like this one which arise from an allegation of deceit, the question of

14  whether the plaintiff's behavior is intentional or negligent is subsumed under the element of

15  reliance.  See Van Meter v. Bent Const. Co., 46 Cal. 2d 588, 594-95 (1956).  Affirmative defenses

16  based on a theory of comparative fault are, therefore, not only legally insufficient but also

17  unnecessary.  See id.  Accordingly, the court concludes the second and ninth defenses should be

18  stricken as to the cause of action for negligent misprespentation.  Lai's arguments in opposition are

19  unconvincing.[1]

20  Furthermore, it is well established that comparative fault is not a defense to a claim for

21

22

23  [1] Lai cites Kohn v. Superior Court, 142 Cal. App. 3d 323 (1983) for the proposition that one
California Court of Appeal has found that comparative indemnity should apply to a claim for
negligent misrepresentation.  A close reading of Kohn, however, reveals that the case is

24  distinguishable.  There, the relevant question was whether comparative fault may apply as among
*joint tortfeasors*.  That factual scenario is notably not presented here.

25

26  Lai also relies on Van Meter to demonstrate that a plaintiff's negligence can be a defense to a
claim for negligent misrepresentation upon a finding that plaintiff's conduct was irrational.  To the
extent Van Meter stands for that premise, Lai has pointed to no facts in this record which would

27  support such a finding.  See CTF Dev., Inc. v. Penta Hospitality, LLC, No. C 09-02429, 2009 WL
3517617, 2009 U.S. Dist. LEXIS 99538 at *23 (N.D. Cal. Oct. 26, 2009) ("Under the Iqbal standard,

28  the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense.").

3
CASE NO. 5:11-cv-03313 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

**United States District Court**
For the Northern District of California

1    breach of contract.  Kransco v. Am. Empire Surplus Lines Inc. Co., 23 Cal. 4th 390, 402-403 (2000)

2    ("[C]ontractual breaches are generally excluded from comparative fault allocations.").  Thus, the

3    defenses must also be stricken as to this cause of action.[2]

4                                           **IV.    ORDER**

5         Based on the foregoing, the FDIC's motion to strike is GRANTED.  The second and ninth

6    affirmative defenses are hereby STRICKEN.

7         The hearing scheduled for January 13, 2012, is VACATED.

8         **IT IS SO ORDERED.**

9



10   Dated:  January 9, 2012
                                            _____
11                                          EDWARD J. DAVILA
                                            United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24        [2]  Although Lai argues otherwise, the court is not convinced that the FDIC is required to
     demonstrate prejudice when an affirmative defense is stricken as legally insufficient.  See Barnes v.
25   AT&T Pension Benefit Plan, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) (noting that courts have
     only required a showing of prejudice to strike defenses as redundant, immaterial, impertinent, or
26   scandalous).  In any event, the court would find the FDIC met this burden.  See id.; see also Ganley
     v. County of San Mateo, No. C06-3923 TEH, 2007 WL 902551, 2007 U.S. Dist. LEXIS 26467, at
27   *4 (N.D. Cal. Mar. 22, 2007) ("In the Ninth Circuit, motions to strike are proper, even if the material
     is not prejudicial to the moving party, if granting the motion would make trial less complicated or
28   otherwise streamline the ultimate resolution of the action.").

                                               4
     CASE NO. 5:11-cv-03313 EJD
     ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE